UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE GREEN,

    Plaintiff,

v.

RON NEAL *et al.*,

    Defendants.

CAUSE NO. 3:22-CV-211-DRL-MGG

OPINION AND ORDER

Lawrence Green, a prisoner without a lawyer, filed a vague complaint against Ron Neal and Wexford. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Green asserts that nurses at Indiana State Prison spread a rumor that Mr. Green has Acquired Immunodeficiency Syndrome (AIDS), but they have withheld information regarding Mr. Green's diagnosis from him out of fear that he will commit suicide. He has been presented with copies of test results showing that he was recently tested for HIV and that the results were negative, but Mr. Green believes these results were fabricated. Mr. Green's allegations of forged medical reports representing that he is

healthy when he tested positive for HIV are rather fantastical, and the complaint does not plead facts from which it can be inferred that this is plausible.

Even if his claim had some factual basis outside of his own speculation, there is no basis for holding either Ron Neal or Wexford liable. Mr. Green does not allege that Ron Neal had anything to do with the alleged false representation or the spreading of the rumor that he has AIDS. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, he cannot proceed against Ron Neal.

Likewise, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Mr. Green's allegations against Wexford are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Wexford.

Mr. Green also alleges that information about his case has been looked up and shared with others, and that this somehow puts him in harm's way. He does not link this allegation to either Ron Neal or Wexford, and it is unclear how this claim is related to his allegations regarding his medical information. "Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However, even if it is somehow related to his other allegations, Mr. Green cannot proceed on this claim because information about his case is a matter of public record, and neither viewing it nor sharing it with others violates the constitution.

Mr. Green also filed an unsigned letter with attachments that attempts to supplement his complaint. Federal Rule of Civil Procedure 11(a) requires that all filings be signed. ECF 10. N.D. Ind. L.R. 15-1 requires that any amendment to the pleadings "reproduce the entire pleading as amended" and prohibits "incorporat[ing] any prior pleading by reference." Therefore, the information contained in Mr. Green's unsigned letter will not be considered by the court.

This complaint does not state a claim for which relief can be granted, and it seems unlikely that Mr. Green will be able to state a claim. Nevertheless, justice requires that Mr. Green be permitted to file an amended complaint if, after reviewing the court's order, he believes he can state a claim based on (and consistent with) the events described in this complaint. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Mr. Green needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Lawrence Green until **August 24, 2022**, to file an amended complaint; and

(2) CAUTIONS Lawrence Green if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 21, 2022                                          *s/ Damon R. Leichty*
                                                       Judge, United States District Court