UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE GREEN,

    Plaintiff,

v.

RON NEAL *et al.*,

    Defendants.

CAUSE NO. 3:22-CV-211-DRL-MGG

OPINION AND ORDER

Lawrence Green, a prisoner without a lawyer, filed an amended complaint against M.S.U, I.S.P., and Centurion. ECF 14. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Green originally sued Warden Ron Neal and Wexford, asserting that nurses at Indiana State Prison spread a rumor that he has acquired immunodeficiency syndrome (AIDS), but they withheld that information from him out of fear that he would commit suicide. ECF 1. He alleged that he was presented with copies of test results showing that he was recently tested for HIV and that the results were negative, but he believes the results were fabricated. The court found that Mr. Green's allegations of forged medical

reports representing that he is healthy when he tested positive for HIV were rather fantastical and he had not pleaded facts from which it could be inferred that this is plausible. The court further found that, even if his claim had some factual basis outside of his own speculation, there is no basis for holding either Ron Neal or Wexford liable.

In his amended complaint, Mr. Green asserts that he has had yearly lab tests in 2019, 2020, and 2021, and each time he has been told that he is fine. In August 2022, a nurse confirmed that the negative test results were his. Mr. Green, however, has been informed by an unknown source that the results were falsified, and he has AIDS. He is asking that his next test be done correctly and that he be provided with the results. He also seeks $6,000,000.00 in damages. The allegation that test results were falsified still lacks plausibility; it is based only on an alleged statement from an unknown individual.

Even if Mr. Green's allegation was plausible, he has again sued defendants who cannot be held liable for the alleged offense. Neither the Medical Services Unit nor the Indiana State Prison are suable entities. The prison is a building, not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). The Medical Service Unit is likewise not a suable entity; it is a location where medical care is provided. Therefore, he may not proceed against Indiana State Prison or the Medical Service Unit.

Mr. Green also sues Centurion. As explained in the court's earlier screening order (ECF 13 at 2), "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Mr. Green's allegations against Centurion (just like his allegations

2

against Wexford in the earlier complaint) are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Centurion.

This complaint does not state a claim for which relief can be granted. Mr. Green was granted an opportunity to amend to address the deficiencies in his first complaint, and his amended complaint suffers from the same deficiencies. It would be futile to permit him another opportunity to amend.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

October 12, 2022                              *s/ Damon R. Leichty*
                                              Judge, United States District Court